IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 08-377-04 |
| | ) | |
| ROBIN WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

AND NOW, this 12th day of August, 2015, IT IS HEREBY ORDERED that the Motion for Correction of Clerical Error Pursuant to Federal Rule of Criminal Procedure 36 (ECF No. 478), filed by Robin Williams ("Williams"), pro se is DENIED;

On July 30, 2012, Williams was sentenced to serve 126 months' imprisonment, to run concurrently with any sentence imposed for a parole violation in a case pending in the Court of Common Pleas of Allegheny County, Pennsylvania at docket number 1999-14863, to the extent any sentence imposed in that case exceeded twelve months. (ECF No. 337 at 2). Williams immediately began serving his federal sentence. Almost a year after Williams' sentencing, on July 11, 2013, Williams filed a motion seeking relief in this court when the Bureau of Prisons refused to shorten his federal sentence by the amount of time remaining on his state parole violation sentence, and the Pennsylvania Parole Board refused to agree that his federal term of imprisonment would satisfy his state parole violation sentence. (ECF No. 405). In short, Williams believed that he was being required to serve more time incarcerated than this court intended as a result of the state and federal correctional agencies' refusal to apply time-served credit for at least part of his federal sentence to his state parole violation sentence.

Upon receipt of William's motion, the court appointed counsel, who communicated with the Pennsylvania Department of Corrections, the Pennsylvania Board of Probation and Parole, the federal Bureau of Prisons, and the United States Attorney's Office in an attempt to secure Williams relief. (ECF No. 434.) These efforts proved futile, and the court entered a written order, dated November 5, 2013, stating that Williams could not obtain relief pursuant to Federal Rule of Criminal Procedure 35, or applicable Federal Bureau of Prisons processes, and that his recourse would be at the Pennsylvania Parole Board, and through related state administrative procedures. (ECF No. 444.)

Since entry of that order, this court denied Williams' § 2255 motion to vacate sentence, for which the Court of Appeals for the Third Circuit recently denied a certificate of appealability (ECF Nos. 456-57, 475), and Williams' motion for a sentence reduction based upon Amendment 782 to the United States Sentencing Guidelines and 18 U.S.C. § 3582(c)(2) on the ground that Williams was sentenced as a career offender (ECF Nos. 465, 477). Following denial of his Amendment 782 motion, Williams filed the instant motion seeking essentially the same relief that he sought in July 2013, but now under Federal Rule of Criminal Procedure 36. Williams' present motion likewise fails.

> Rule 36 provides:
>
> After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission.

FED. R. CRIM. P. 36. A court's authority under Rule 36 is limited to the correction of *clerical* errors in the judgment. A clerical error involves a failure to accurately record a statement or action by the court or one of the parties; it is a mechanical error "of the sort that a clerk or amanuensis might commit." United States v. Bennett, 423 F.3d 271, 277-78 (3d Cir. 2005) (citing United States v.

Guevremont, 829 F.2d 423, 426 (3d Cir. 1987); 26 James Wm. Moore et al., Moore's Federal Practice ¶ 636.02[2] (3d ed. 2005); 3 Charles Alan Wright et al., Federal Practice and Procedure: Criminal § 611, at 809–12 (3d ed. 2004)). Rule 36 provides no basis to correct substantive errors in the sentence or to substantively modify the sentence. Id. at 278. Rule 36 does not provide jurisdiction to correct an alleged error committed by a judge at sentencing, regardless whether that correction is designed to vindicate the sentencing court's assumptions or intent. Id.

Rule 36 provides no relief to Williams in this case. Williams characterizes his request as simply correcting the criminal judgment to "read [that] defendant is remanded to the custody of the Department of Corrections for the State of Pennsylvania" instead of "defendant is remanded to the custody of the United States Marshal." (ECF No. 478 at 1.) That correction, however, is not of a mechanical error. It is, instead, a substantive change affecting the terms and conditions of Williams' confinement, and the authority and responsibility of a state, versus a federal, correctional agency over Williams, who has been in custody since July 2009. (ECF No. 258.) Williams' remedies lie before the state and federal agencies responsible for his confinement, or before the district court for the jurisdiction in which he is incarecerated. This court is unable to substantively change Williams' judgment pursuant to Rule 36 because the requested change would be substantive, and not clerical.

BY THE COURT:

/s/ *Joy Flowers Conti*
Joy Flowers Conti
Chief United States District Judge

cc: ROBIN WILLIAMS
30446-068
FCI Ashland
P.O. Box 6001
Ashland, KY 41105